M’Girk, C. J.,
delivered the opinion of the Court.
An indictment was found against Simonds for keeping a Roulette Table and permitting a game of chance to he played thereon. Simonds pleaded that on - a certain day before the finding said indictment, he was convicted and fined for the same of-fence before Wilson Primm, a Justice of the Peace for St. Louis county, which conviction took place under the authority of the corporation of the city of St Louis. On demurrer to this plea the defendant had judgment. The point made and relied on by Mr. Mullanplvy, counsel in behalf of the State, is, that by the Constitution of the State all legislative power is granted to and vested in a General Assembly, and that the General Assembly could not create a corporation vesting it with legislative powers, as has been done in this case, 3 art. and 1 sec. of the' State Constitution.
It is true as a general proposition, that all legislative power is vested in the General Assembly, and whether that body can incorporate a city, as has been done in the city of St. Louis, we will proceed to inquire. The act incorporating the city of St. Louis, authorizes the Mayor and Aldermen to exercise legislative powers, and among others they have the power, by 12th section of the act, to regulate and restrain gaming and gaming houses. See Rev. Code, 201. Under this power the corporation impose a fine of $500 for keeping a Roulette Table: by the 89th section of the act respecting crimes and misdemeanors, the same penalty is imposed for keeping any manner of gaming tables, &c.: see Rev. Code, 310. It would seem that all legislative power is given to and vested in the General Assembly by the Constitution. Yet we have no difficulty in deriving satisfactorily from the Constitution, the power authorizing the corporation of the city of St. Louis to legislate and make police law to restrain and prohibit gambling, &c. In the first place we assume it as true, that *293 no city of any size can at all get along without this power. We admit that the necessity of the case does not of itself form a sufficient reason why the power should be exercised if it is not given, or if it is denied; but it does form a reason why the power should not be denied unless it is clearly denied. At the time the Constitution of this State was formed, the town of St. Louis was incorporated with nearly similar powers to those now granted; the Constitution was formed in the town ; the Convention sat and formed the Constitution in the bosom of the corporation, saw its effects and operations daily, yet they have used no where any prohibitory words regarding its powers or existence; but on the contrary, they have said and declared in the 2d section of the schedule to the Constitution, (61 of the R. C.,) that all laws in force in the Territory, which are not repugnant to this Constitution, shall remain in force until altered or repealed. Not only the act incorporating the town as above mentioned was then in force, but there existed on the statute book of the Territory a general law authorizing the County Courts of every county to incorporate the several county towns when required by petition to do so, (see Geyer’s Digest, 416.) If this power as it then was known to exist had been intended to be suppressed by the convention, when they declared all legislative power should be vested in a General Assembly, they surely would have used some words more clearly leading to the subject than they have, we might expect an express prohibition. But so far from any thing express on the subject by way of prohibition, they seem to have sanctioned the idea of the right and power of the Legislature to create such corporations as the city corporation is. The 5th section of the 13th article declares that no religious corporation can ever be established in this State, (69 S. C.,) clearly indicating thereby that lay corporations maybe established.
We are of opinion, that under the foregoing view of the question, that the power to create corporations with powers to legislate in regard to the police of cities, towns, &.c., is clearly to be implied. We, therefore, are of opinion, that the Circuit Court committed no error in rendering its judgment. The same is affirmed.